**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4502**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWNDELL BARNES,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (CR-02-215)

---

Submitted: May 31, 2005                 Decided: July 13, 2005

---

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Richard Alan Seligman, Washington, D.C., for Appellant. Allen F. Loucks, United States Attorney, Michael R. Pauzé, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shawndell Barnes was convicted of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (2000) (Count One), aiding and abetting armed bank robbery, in violation of 21 U.S.C. § 2113 (a), (d) (2000) (Count Two), and aiding and abetting the use of a firearm during a crime of violence, in violation of 21 U.S.C. § 924(c) (2000) (Count Three). Barnes was sentenced to 46 months' imprisonment each on Counts One and Two, to run concurrently, and 84 months' imprisonment on Count Three, to run consecutively. Barnes was also sentenced to five years' supervised release to follow his imprisonment, and restitution of $15,690, jointly and severally with his co-defendants—an amount to which Barnes had stipulated. Barnes appeals his convictions and sentence.

Barnes contends there was insufficient evidence to support his convictions. We review the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a

- 2 -

reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

In order to prove Barnes aided and abetted armed bank robbery, the government had to establish that Barnes knew or reasonably should have foreseen that his confederates would use a dangerous weapon. United States v. McCaskill, 676 F.2d 995, 998 (4th Cir. 1982). The government was not required to prove Barnes participated in every stage of the crime, only that he participated at some stage with knowledge of the likely result and intent to bring about that result. United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983).

Viewing the evidence in the light most favorable to the government, we conclude there was sufficient evidence from which a jury could reasonably infer Barnes actively assisted in the bank robbery, had constructive knowledge a gun would be used in the commission of the robbery, and had actual knowledge that a gun was used during the bank robbery. Accordingly, we affirm Barnes' convictions.

Barnes also asserts that his Sixth Amendment right to confront and cross-examine witnesses was violated when the district court excluded a transcript of trial testimony from a prior bank robbery involving Barnes' co-defendant, David Smith, but not involving Barnes, for the purpose of impeaching Smith, who testified against Barnes. The district court has discretion

generally to conduct a trial, including the presentation of evidence, in whatever manner the court deems appropriate, and the district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. See United States v. Leftenant, 341 F.3d 338, 342 (4th Cir. 2003), cert. denied, 124 S. Ct. 1183 (2004); Sasaki v. Class, 92 F.3d 232, 241 (4th Cir. 1996); United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). We find Barnes has failed to set forth any evidence to establish abuse of the district court's discretion in excluding the transcript as collateral, irrelevant, non-probative, and untrustworthy.

Barnes also appeals his sentence, arguing the district court erred in applying the federal sentencing guidelines as mandatory and enhanced his sentence based on facts found by the court and not by the jury in violation of United States v. Booker, 125 S. Ct. 738 (2005). Because Barnes did not object to his sentence in the district court on these grounds, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Barnes must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, the Court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the

- 4 -

fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2004), thereby making the guidelines advisory. Hughes, 401 F.3d at 546.

We find Barnes did not receive any enhancements based on facts not found by a jury or admitted to by Barnes. Barnes received a two-level enhancement for taking money from a financial institution pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(1) (2002), based on facts found by the jury or admitted to by Barnes in stipulations at trial. Barnes also stipulated that the amount of the proceeds from the bank robbery was $15,690, and thus the one-level enhancement pursuant to USSG § 2B3.1(b)(7)(B) for an offense involving more than $10,000 but less than $50,000 was not based on judicial fact-finding. Therefore, we find Barnes' sentence does not exceed the maximum sentence authorized by the facts admitted to by Barnes or found by the jury alone, and does not violate his Sixth Amendment rights.

- 5 -

However, in United States v. White, ___ F.3d ___, 2005 WL 949326 (4th Cir. Apr. 26, 2005), we recognized that a sentence that does not violate the Sixth Amendment may involve cognizable plain error when it appears the district court would have imposed a lesser sentence if it had treated the guidelines as advisory. Here, although the court's comments at sentencing are not conclusive, they can be interpreted to permit the possibility that a lower sentence might have been imposed on Barnes had the court not been under the now-erroneous understanding that application of the guidelines was mandatory.[*] Out of deference to the district court, then, we vacate Barnes' sentence and remand the case for resentencing consistent with Booker.

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court

_____

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Reed's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

should consider this sentencing range along with the other factors described in 18 U.S.C. 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

In sum, we affirm the convictions, but vacate Barnes' sentence and remand for resentencing in accordance with Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
